# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| THOMPSON RESEARCH GROUP, LLC, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | NO. 3:17-cv-01595 |
| WINNEBAGO INDUSTRIES, INC., | ) ) | JUDGE CAMPBELL |
| Defendant. | ) ) | |

## MEMORANDUM

Pending before the Court are Defendant Winnebago Industries, Inc.'s ("Winnebago") Motion for Renewed Judgment as a Matter of Law (Doc. No. 212) and Motion for New Trial (Doc. No. 214). Plaintiff Thompson Research Group, LLC ("TRG") filed responses in opposition (Doc. Nos. 225, 226), and Winnebago filed replies (Doc. Nos. 230, 231). For the reasons stated below, the motions (Doc. Nos. 212, 214) will be **DENIED**.

### I.  BACKGROUND

On December 21, 2017, TRG sued Winnebago for breach of contract, breach of implied contract, fraudulent misrepresentation, negligent misrepresentation, and unjust enrichment. (Doc. No. 1). On April 16, 2019, Winnebago moved for summary judgment on all claims. (Doc. Nos. 49, 50). In support of its motion, Winnebago advanced the following argument:

> TRG claims that Winnebago entered into an oral finder's fee contract with TRG and that Winnebago breached that purported oral contract when it did not pay TRG a finder's fee of $5 million to $7.5 million after Winnebago acquired Grand Design. A finder is "an intermediary or middleman who brings interested parties together but who is not responsible for negotiating the terms of the transaction." *BAII Banking Corp. v. Atlantic Richfield Co.*, 86 Civ. 6651 (SS), 1993 U.S. Dist. LEXIS 14107, at *59-60 (S.D.N.Y Oct. 7, 1993); *see also Black's Law Dictionary* 664 (abridged 8th ed.

> 2004); *Legros v. Tarr*, 540 N.E.2d 257, 263 (Ohio 1989). To recover under an oral finder's fee contract, a party must show that: (1) it entered into an oral contract; (2) the finder performed by actually bringing together ready and willing parties that engaged in negotiations; and (3) the finder's introduction of the parties was the "procuring cause" of the transaction. *Coleman v. Dover Corp.*, 384 F. Supp. 1401, 1403 (E.D. Tenn. 1974); *see also Moore v. Sutton Resources*, 96 Civ. 7522 (RWS), 1998 U.S. Dist. LEXIS 1782, at *13 (S.D.N.Y. Feb. 18, 1998); *Pacesetter Properties, Inc. v. Hardaway*, 635 S.W.2d 382, 389 (Tenn. Ct. App. 1981).

(Doc. No. 49 at PageID # 419-20). The Court granted summary judgment as to the fraudulent misrepresentation and negligent misrepresentation claims and denied summary judgment as to the other claims. (Doc. Nos. 108, 109). In discussing the breach of oral contract claim, the Court addressed Winnebago's "finder's fee contract" and "procuring cause" arguments:

> Winnebago takes the position that in the case of a 'finder's fee' contract, a plaintiff must show, in addition to these [breach-of-oral-contract] elements, that the plaintiff actually brought together ready and willing parties who engaged in negotiations, and that the introduction was the 'procuring cause' of the transaction. (Doc. No. 49, at 17). To support this assertion, Winnebago cites a Tennessee district court case, which relies on New York and New Jersey law, and does not use the term "procuring cause." *Coleman v. Dover Corp.*, 384 F. Supp. 1401, 1403 (E.D. Tenn. 1974). Winnebago also cites a New York district court case applying New York law, *Moore v. Sutton Res., Ltd.*, 1998 WL 67664, at *4 (S.D.N.Y. Feb. 18, 1998), and a Tennessee Court of Appeals case analyzing "the rights of real estate brokers to a commission where the sale is actually closed by the owner or another agent." *Pacesetter Properties, Inc. v. Hardaway*, 635 S.W.2d 382, 385 (Tenn. Ct. App. 1981). In its Reply brief (Doc. No. 73, at 2), Winnebago cites a First Circuit case applying New York law on this point. *Karelitz v. Damson Oil Corp.*, 820 F.2d 529, 531 (1st Cir. 1987). The Court is not persuaded these cases apply to a contract claim under Tennessee law that does not involve a real estate broker.

(Doc. No. 108 at 3 n.1). Winnebago later requested the Court certify the issue to the Tennessee Supreme Court, but the Court declined to do so. (*See* Doc. No. 121).[1]

---

[1] TRG moved *in limine* to prohibit Winnebago from referencing its contention that TRG must be the "procuring cause" of Winnebago's acquisition of Grand Design in order to establish its claims. (*See* Doc.

2

The Court held a jury trial on TRG's unjust enrichment and breach of contract claims on October 26, 2021, through November 5, 2021. On November 3, 2021, Winnebago moved orally for judgment as a matter of law on TRG's claims for breach of express oral contract and unjust enrichment, which the Court took under advisement. (Doc. No. 240 at PageID # 5697-5724). By Order entered on November 4, 2022, the Court denied Winnebago's motion. (Doc. No. 206).[2] At the conclusion of the trial, the jury returned a verdict in favor of TRG for breach of contract (oral or implied) and awarded TRG five million dollars in damages. (Doc. No. 208). On November 8, 2021, the Court entered a Judgement in conformity with the jury's verdict. (Doc. No. 210). On December 3, 2021, Winnebago filed the pending post-trial motions. (Doc. Nos. 212, 214).

## II.     RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW

Winnebago argues it is entitled to judgment as a matter of law on all claims because TRG failed to prove that it was the procuring cause of the Grand Design acquisition, a "finder" entitled to a finder's fee, or a registered broker under the Security Exchange Act of 1934. Winnebago also argues it is entitled to judgment as a matter of law on TRG's claims for breach of contract (oral or

---

No. 139). Winnebago filed a response insisting that TRG must be the "procuring cause" of the acquisition in order to be entitled to a finder's fee. (*See* Doc. No. 157). The Court granted TRG's motion *in limine*, noting the two above referenced occasions where Winnebago failed to support its argument that Tennessee law imposes a "procuring cause" element under the circumstances of the present case. (Doc. No. 170 at PageID # 3261). The Court further noted Winnebago's response to the motion *in limine* was devoid of any: (1) mention of the Court's earlier ruling on the issue; (2) explanation as to why the earlier ruling is not binding under the law-of-the-case doctrine; (3) and any citations to Tennessee decisions issued since the Court's earlier ruling that apply the "procuring cause" element under similar circumstances. (*Id*.).

[2]     The Court did not consider Winnebago's written motion for judgment as a matter of law and supporting memorandum (Doc. Nos. 203, 204) because:

> According to the undersigned's Practice and Procedure Manual, the Court must be given notice of such motion by no later than a pretrial conference. Defendant did not provide the required notice. Accordingly, the motion and Plaintiff's response will be considered on oral argument only, as stated in the Practice and Procedure Manual.

(Doc. No. 206).

3

implied) because TRG failed to prove that the parties mutually assented to a sufficiently definite term of compensation. Finally, Winnebago argues judgment as a matter of law is appropriate on TRG's unjust enrichment claim because TRG failed to prove the reasonable value of its services, that it caused the acquisition, and that it provided a benefit to Winnebago.

A. **Standard of Review**

A renewed motion for judgment as a matter of law "may only be granted if, when viewing the evidence in a light most favorable to the non-moving party, giving that party the benefit of all reasonable inferences, there is no genuine issue of material fact for the jury, and reasonable minds could come to but one conclusion in favor of the moving party." *Barnes v. City of Cincinnati*, 401 F.3d 729, 736 (6th Cir. 2005). "A Rule 50(b) motion is only a renewal of the preverdict motion, and it can be granted only on grounds advanced in the preverdict motion." *Hanover Am. Ins. Co. v. Tattooed Millionaire Ent., LLC*, 974 F.3d 767, 780 (6th Cir. 2020). In diversity actions, where the Rule 50(b) motion is based on a challenge to the sufficiency of the evidence, a state-law standard of review applies. *See K & T Enterprises, Inc. v. Zurich Ins. Co.*, 97 F.3d 171, 176 (6th Cir. 1996). The Tennessee law standard is not meaningfully different from the federal standard:

> [a] post-trial motion for the entry of judgment in accordance with a motion for directed verdict made during the trial must be gauged by the usual rules relating to directed verdicts. Those rules require that the trial judge, and the appellate courts, take the strongest legitimate view of the evidence in favor of the [opponent of the motion], allow all reasonable inferences in his or her favor, discard all countervailing evidence, and deny the motion where there is any doubt as to the conclusions to be drawn from the whole evidence. A verdict should not be directed during, or after, trial except where a reasonable mind could draw but one conclusion.

*Cansler v. Grove Mfg. Co.*, 826 F.2d 1507, 1510 (6th Cir. 1987) (quoting *Holmes v. Wilson*, 551 S.W.2d 682, 685 (Tenn. 1977)). Additionally, "Tennessee adheres to the rule that where more than one theory of recovery is submitted to the jury, and there is evidence to support one or more, but

not all, of the theories, a general verdict should be construed to be attributable to the theory or theories supported by sufficient evidence and submitted free from error." *Adkins v. Ford Motor Co.*, 446 F.2d 1105, 1108 (6th Cir. 1971).

**B.     Analysis**

Winnebago argues it is entitled to judgment as a matter of law on TRG's claims for breach of contract (oral or implied) because the evidence at trial did not show that the parties mutually assented to a sufficiently definite term of compensation. Taking the most legitimate view of all the evidence in favor of TRG, and allowing all reasonable inferences therefrom, there is material evidence in the record to support TRG's claims for breach of contract (oral or implied), and reasonable minds could differ as to whether TRG and Winnebago mutually assented to compensation of at least 1% of the acquisition price for Grand Design. Concerning the finder's fee, procuring cause, and broker registration issues, the Court sees no reason to depart from its prior orders. (Doc. Nos. 108, 170, 178). As the jury did not return a verdict on TRG's unjust enrichment claim, (Doc. No. 208), the Court will not address Winnebago's arguments for judgment as a matter of law on this claim. For the foregoing reasons, Winnebago's renewed motion for judgment as a matter of law will be denied.

### III.     Motion for New Trial

**A.     Standard of Review**

Under Federal Rule of Civil Procedure 59(a)(1)(A), "[t]he court may, on motion, grant a new trial on all or some of the issues—and to any party ... for any reason for which a new trial has heretofore been granted in an action at law in federal court." *E.E.O.C. v. New Breed Logistics*, 783 F.3d 1057, 1065–66 (6th Cir. 2015). The Sixth Circuit has interpreted the language of Rule 59(a) to mean that a new trial is warranted when a jury has reached a "seriously erroneous" result as

evidenced by: (1) the verdict being against the weight of the evidence; (2) the damages being excessive; or (3) the trial being unfair to the moving party in some fashion, i.e., the proceedings being influenced by prejudice or bias. *See id*. at 1066 (citation omitted). "[A] motion for a new trial will not be granted unless the moving party suffered prejudice." *Tompkin v. Philip Morris USA, Inc.*, 362 F.3d 882, 891 (6th Cir. 2004). "The burden of showing harmful prejudice rests on the party seeking the new trial." *Id*. (citation omitted). A trial court is invested with broad discretion to determine whether the moving party has identified sufficient grounds to obtain a new trial. *See Cummins v. BIC USA, Inc.*, 727 F.3d 506, 509 (6th Cir. 2013).

**B.    Analysis**

Winnebago argues it is entitled to a new trial because: (1) the trial was unfair and (2) the jury's verdict was against the weight of the evidence. The Court will address each ground in turn.

　　　　1.    Fairness of Trial

To obtain a new trial based on unfairness, the moving party must identify errors that impacted the parties' substantial rights. *Walker v. Bain*, 257 F.3d 660, 670 (6th Cir. 2001). Winnebago argues the trial was unfair because counsel for TRG made an improper closing argument, the Court improperly admitted evidence of industry standards and Winnebago's post-acquisition towable revenues, the Court excluded evidence on procuring cause, and the Court did not give Winnebago's requested jury instructions on mutual assent, finder's fees, and industry standards. (*See* Doc. Nos. 215, 230).

　　　　　　a)    Closing Arguments

Winnebago argues counsel for TRG improperly referenced that Winnebago's market value increased by $150 million dollars on the day it announced its acquisition of Grand Design; information that Winnebago asserts was not in evidence. (*See* Doc. No. 214 ¶¶ 5, 9; Doc. No. 215

6

at 12-14, 18-20). Winnebago argues its $150 million dollar market value bump was not in evidence because the Court sustained its objection to this evidence during the testimony of Chris White.

"If a counsel's closing argument was improper and there is a 'reasonable probability' that the jury's verdict was influenced by the improper conduct, it should be set aside." *Doe v. Rutherford Cnty., Tenn., Bd. of Educ.*, 86 F. Supp. 3d 831, 843 (M.D. Tenn. 2015) (quoting *Clark v. Chrysler Corp.*, 436 F.3d 594, 609 n. 19 (6th Cir. 2006)). Where, as here, a party requests a new trial under Rule 59 based on opposing counsel's alleged misconduct, the moving party "must make a 'concrete showing' that the conduct 'consistently permeated' the trial such that the party was unfairly prejudiced by the misconduct." *Tompkins v. Crown Corr, Inc.*, 726 F.3d 830, 835 (6th Cir. 2013) (quoting *City of Cleveland v. Peter Kiewit Sons' Co.*, 624 F.2d 749 (6th Cir. 1980)). "To determine whether there is a reasonable probability that the conduct affected the verdict," the Court "must examine 'the totality of the circumstances, including the nature of the comments, their frequency, their possible relevancy to the real issues before the jury, the manner in which the parties and the court treated the comments, the strength of the case ... and the verdict itself.'" *Id*. at 835–36 (quoting *Cleveland*, 624 F.2d at 756).

Winnebago is correct that the Court sustained its objection to the introduction of its $150 million dollar market value increase through the trial testimony of Chris White. (Doc. No. 239 at PageID # 5597-5609). However, Winnebago is incorrect as to its contention that this information was not in evidence. Rather, as noted by TRG, this evidence came in through Kathryn Thompson over Winnebago's objections. (Doc. No. 235 at PageID # 5142-43). Because this information was properly admitted into evidence, the Court is not convinced that TRG's reference to it during closing arguments was improper. Even if it were arguably improper, based on the totality of the

7

circumstances, the Court does not believe the jury was prejudiced it. As such, the Court denies a new trial on this ground.

        b)     Evidentiary Rulings

In civil cases, the party that seeks to have a trial court judgment set aside because of an erroneous evidentiary ruling carries the burden of showing that prejudice resulted. *See A. K. by & Through Kocher v. Durham Sch. Servs., L.P.*, 969 F.3d 625, 629 (6th Cir. 2020) (citing *Shinseki v. Sanders*, 556 U.S. 396, 409, 411 (2009)). "Even if a mistake has been made regarding the admission or exclusion of evidence, a new trial will not be granted unless the evidence would have caused a different outcome at trial." *Tompkin v. Philip Morris USA, Inc.*, 362 F.3d 882, 891 (6th Cir. 2004). (citation omitted). "Broad discretion is given to district courts in determinations of admissibility based on considerations of relevance and prejudice, and those decisions will not be lightly overturned." *United States v. Jackson–Randolph*, 282 F.3d 369, 376 (6th Cir. 2002).

        i.     *Procuring Cause*

Winnebago argues that it is entitled to a new trial because the Court improperly excluded evidence regarding whether TRG was the procuring cause of the grand design acquisition. (*See* Doc. No. 214 ¶ 7; Doc. No. 215 at 17). Stated another way, Winnebago argues the Court erred by granting TRG's motion *in limine* to prohibit Winnebago from arguing or offering or eliciting testimony that TRG was not the "procuring cause" of Winnebago's acquisition of Grand Design. TRG argues Winnebago waived any argument that the Court improperly refused to admit relevant evidence because it never sought to make an offer of proof at trial of any testimony regarding procuring cause. "When a party responds to a motion to exclude evidence, the party must not only make an offer of proof to preserve the issue for appeal, but must also indicate why the evidence is admissible." *Barner v. Pilkington N. Am., Inc.*, 399 F.3d 745, 749 (6th Cir. 2005) (citing Fed. R.

8

Evid. 103(a)(2) (providing that an appeal based on the exclusion of evidence cannot be preserved unless "the substance of the evidence was made known to the [lower] court by offer or was apparent from the context within which questions were asked")). In its reply, Winnebago argues it did not waive its argument by failing to make an offer of proof because the court's order granting TRG's motion in limine was a ruling "on the procuring cause requirement in Tennessee, beyond evidentiary questions." (Doc. No. 230 at 8 (citing *Audio Technica U.S., Inc. v. United States*, 963 F.3d 569, 577 (6th Cir. 2020)). Even assuming Winnebago preserved its procuring cause argument, its motion for new trial rehashes the same or similar arguments on procuring cause that the Court has already rejected in its prior rulings. (*See* Doc. No. 108; Doc. No. 170 at PageID # 3261-62). The Court reaffirms those rulings here.

### ii. *Industry Standards*

Winnebago also argues the Court erroneously admitted testimony concerning industry standards. The Court previously denied Winnebago's motions *in limine* to exclude TRG's expert James Carmak and testimony concerning industry standards. (Doc. No. 170 at PageID # 3264-68). The Court reaffirms those rulings. Winnebago contends the Court improperly allowed testimony from Mr. Philpott, Ms. Thompson, and Mr. White concerning industry standards. (Doc. No. 215 at 16). As Winnebago's motion for new trial fails to develop any argument supporting these contentions, the Court declines to consider them.

### iii. *Winnebago's Towable Revenue*

Winnebago argues the Court erroneously admitted testimony from Kathryn Thompson that Winnebago experienced more than $6 billion in towable revenue over a five-year period following the acquisition of Grand Design. (Doc. No. 214 ¶ 5; Doc. No. 215 at 12-14). At trial, Winnebago objected to Ms. Thompson's testimony on the basis that expert testimony was required. (*See* Doc.

9

No. 235 at PageID # 5142-43). In its motion for new trial, Winnebago challenges the admission of the foregoing evidence on relevancy grounds. (Doc. No. 215 at 12-13). In its response, TRG argues this testimony from Ms. Thompson is relevant with respect to the benefit TRG conferred upon Winnebago and with respect to the why the information that TRG provided to Winnebago was valuable. (*See* Doc. No. 225 at 10). In its reply, Winnebago disagrees only as to the relevancy of Ms. Thompson's testimony for purposes of unjust enrichment damages. (*See* Doc. No. 230 at 6 ("TRG's assertion is incorrect that the jury may consider 'the value of the benefit conferred by TRG' in considering unjust enrichment damages."); *but see FLSmidth Inc. v. Fiber Innovation Tech., Inc.*, 626 F. App'x 625, 629 (6th Cir. 2015) ("damages for unjust enrichment must be based on the reasonable value of the benefit conferred"); (Counsel for Winnebago at charge conference, Doc. No. 241 at PageID # 5989 ("the measure of compensation for unjust enrichment is the reasonable value of the benefit conferred, based on – I don't have any issue with that. That's Tennessee law.")). The Court finds that any perceived error as to the admission of Ms. Thompson's testimony on Winnebago's towables revenue was harmless.

        iv.    *Ms. Thompson's Notes*

Winnebago argues Ms. Thompson's notes of conversations she had with Ron Fenech and others were improperly admitted under the business records exception when those notes contained multiple levels of hearsay that did not independently meet another hearsay exception. (Doc. No. 214 ¶ 8; Doc. No. 215 at 18). In its response, TRG argues the statements in Ms. Thompson's notes attributed to Mr. Fenech are admissible under Federal Rule of Evidence 803(3) as Mr. Fenech's then existing motive, intent, or plan regarding a potential acquisition by Winnebago. (Doc. No. 225 at 16-17). TRG further argues that any perceived error related to admission of these notes would be harmless given the ample evidence introduced at trial establishing that Grand Design

10

was open to acquisition by Winnebago. (*Id*. at 17). Winnebago does not argue otherwise in its reply. (*See* Doc. No. 230 at 9). Accordingly, the Court finds that any perceived error as to the admission of Ms. Thompson's notes was harmless.

      c)      Jury Instructions

Winnebago argues that errors in the jury instructions require the Court to grant a new trial. (Doc. No. 214 ¶¶ 2-3). The relevant question is whether the jury instructions, taken as a whole, "adequately inform the jury of the relevant considerations and provide the jury with a sound basis in law with which to reach a conclusion." *E.E.O.C. v. New Breed Logistics*, 783 F.3d 1057, 1074 (6th Cir. 2015). A district court should grant a new trial for erroneous jury instructions only "if they are confusing, misleading, and prejudicial." *Id*. "A trial judge has considerable discretion in choosing the language of an instruction, so long as the substance of the relevant point is adequately expressed." *Boyle v. United States*, 556 U.S. 938, 946 (2009).

Winnebago argues the Court erred by refusing to give its proposed instructions concerning finder's fees, procuring cause, and industry standards. (*See* Doc. No. 215 at 3-8). The Court stands by its rulings to exclude Winnebago's proposed instructions on these issues for the reasons stated on the record and in its prior orders. (Doc. No. 170 at PageID # 3265-66; Doc. No. 206; Doc. No. 241 at PageID # 5936-5940; 5945-5950). Additionally, Winnebago argues it is entitled to a new trial because the Court refused to include a particular sentence in its instruction concerning mutual assent. (Doc. No. 215 at 8-9). While the Court's mutual assent instruction differs from Winnebago's requested instruction, the Court finds no substantive difference. (Doc. No. 241 at PageID # 5953-56). Winnebago also argues the verdict form was erroneous for failing to differentiate TRG's claims, but the Court finds Winnebago waived this argument by failing to

11

object on this basis during trial. (*See id.* at PageID # 6007). Because the Court's jury instructions and verdict form are not erroneous, it denies a new trial on this ground.

### 2. Weight of the Evidence

"If there is any credible evidence to support a verdict, it should not be set aside." *Am. Trim, L.L.C. v. Oracle Corp.*, 383 F.3d 462, 475 (6th Cir. 2004). Because the jury's verdict was supported by credible evidence (*see, e.g.,* Doc. No. 237 at PageID # 5377, 5380, 5408-10, 5413-14; Doc. No. 239 at PageID # 5536-38, 5541-43, 5548-49, 5569-74; Doc. No. 240 at PageID # 5878), Winnebago is not entitled to a new trial on this ground. *See e.g., In re E. I. Du Pont de Nemours & Co. C-8 Pers. Inj. Litig.*, 529 F. Supp. 3d 720, 738 (S.D. Ohio 2021) ("Consequently, because there is competent, credible evidence upon which the jury's verdict could be based, this Court is not within its discretion to set the verdict aside.").

For the reasons stated herein, Winnebago's motions will be denied.

An appropriate Order shall enter.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE