IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| THOMPSON RESEARCH GROUP, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 3:17-cv-01595 |
| | ) | |
| WINNEBAGO INDUSTRIES, INC., | ) | JUDGE CAMPBELL |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Pending before the Court is Plaintiff Thompson Research Group, LLC's ("TRG") Motion for Prejudgment Interest. (Doc. No. 218). Defendant Winnebago Industries, Inc. ("Winnebago") filed a response in opposition (Doc. No. 223), and TRG filed reply (Doc. No. 232). For the reasons discussed below, the motion is **GRANTED**.

### I. STANDARD OF REVIEW

In diversity cases in the Sixth Circuit, "state law governs awards of prejudgment interest." *Estate of Riddle ex rel. Riddle v. S. Farm Bureau Life Ins. Co.*, 421 F.3d 400, 409 (6th Cir. 2005) (quoting *F.D.I.C. v. First Heights Bank, FSB*, 229 F.3d 528, 542 (6th Cir. 2000)). Under Tennessee law, "[p]rejudgment interest...may be awarded by courts or juries in accordance with the principles of equity at any rate not in excess of a maximum effective rate of ten percent (10%) per annum...." Tenn. Code Ann. § 47-14-123. "Tennessee courts have construed this statute to mean that '[a]n award of prejudgment interest is within the sound discretion of the trial court' and will not be disturbed on appeal, 'where the evidence supports the trial court's decision.'" *For Senior Help, LLC v. Westchester Fire Ins. Co.*, No. 3:19-CV-00126, 2021 WL 294610, at *3 (M.D. Tenn. Jan. 28, 2021) (quoting *Myint v. Allstate Ins. Co.*, 970 S.W.2d 920, 927 (Tenn. 1998)).

## II. ANALYSIS

Through the pending motion, TRG requests an award of prejudgment interest at a rate of 10% per annum, for a total of $2,550,679.32, pursuant to Tenn. Code Ann. § 47-14-123. "Several principles guide trial courts in exercising their discretion to award or deny prejudgment interest. Foremost are the principles of equity." *Myint v. Allstate Ins. Co.*, 970 S.W.2d 920, 927 (Tenn. 1998) ("Simply stated, the court must decide whether the award of prejudgment interest is fair, given the particular circumstances of the case."). "Some of the equitable principles which may be considered include whether the amount owed by the defendant was easily ascertainable, whether the plaintiff unreasonably delayed filing suit, whether the plaintiff delayed the proceedings after filing the action, whether the defendant had full access to and use of the money, and whether the plaintiff has been otherwise compensated for the loss of use of the funds." *Dog House Invs., LLC v. Teal Properties, Inc.*, 448 S.W.3d 905, 919 (Tenn. Ct. App. 2014) (citing *Scholz v. S.B. Intern., Inc.*, 40 S.W.3d 78, 84 (Tenn. Ct. App. 2000)). The Tennessee Supreme Court has explained that, in reaching an equitable decision:

> a court must keep in mind that the purpose of awarding the interest is to fully compensate a plaintiff for the loss of the use of funds to which he or she was legally entitled, not to penalize a defendant for wrongdoing.

*Myint*, 970 S.W.2d at 927. The Tennessee Court of Appeals has construed the *Myint* decision as "shift[ing] the balance to favor awarding prejudgment interest whenever doing so will more fully compensate plaintiffs for the loss of use of their funds." *Scholz*, 40 S.W.3d at 83. "Fairness will, in almost all cases, require that a successful plaintiff be fully compensated ... for all losses ... including the loss of use of money the plaintiff should have received." *In re Estate of Ladd*, 247 S.W.3d 628, 646 (Tenn. Ct. App. 2007) (quoting *Scholz*, 40 S.W.3d at 83).

Here, the Court finds the equities weigh in favor of an award of prejudgment interest. While Winnebago argues an award of prejudgment interest would constitute a windfall to TRG, (*see* Doc. No. 223 at 5-6), the Court disagrees and finds prejudgment interest will more fully compensate TRG for the loss of use of the funds to which it was legally entitled. *See Myint*, 970 S.W.2d at 927.

The Court further finds that the award of prejudgment interest at a rate of 10% per annum is fair, given the particular circumstances of the case, to fully compensate TRG for the loss of the use of funds to which it was legally entitled. Under the facts of this case, the Court does not find that this amount of prejudgment interest constitutes a windfall.

The Court further finds the appropriate accrual date is October 3, 2016, the day on which Winnebago informed TRG that it would not compensate TRG a finder's fee for the idea of buying Grand Design. (*See* Doc. No. 235 at PageID # 5137-41). Winnebago's request to exclude the time between the date of the trial's first setting, October 29, 2019, and the date of the trial, October 26, 2021, is denied given its failure to point to anything in the record to establish inappropriate conduct of TRG which needlessly delayed the trial date. *See Gen. Const. Contractors Ass'n, Inc. v. Greater St. Thomas Baptist Church*, 107 S.W.3d 513, 526 (Tenn. Ct. App. 2002). Accordingly, TRG is awarded prejudgment interest from October 3, 2016, until November 8, 2021, the date of judgment.

### III. CONCLUSION

For the foregoing reasons, TRG's Motion for Prejudgment Interest (Doc. No. 218) is **GRANTED**. The Court awards prejudgment interest at the rate of 10% and in the amount of $2,550,679.32 on the damages awarded in this matter.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE